For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

Appeal from Trial Term, Rockland County.

Action by Estella W. Bogart, as administratrix, etc., of Cyrus J. Bogart, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and an order denying its motion for new trial, defendant appeals. Judgment and order reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Mortimer B. Patterson, of Nyack, for appellant.
Frank Comesky, of Nyack, for respondent.

THOMAS, J. The plaintiff's decedent, Bogart, was killed in this state by contact with defendant's engine at Blauvelt, a station so inconsiderable that decedent was employed there as its agent at a monthly salary of $62, and was also employed as express agent and paid according to some percentage on the business done. A northbound train had brought some interstate express, which upon removal from the car was deposited for the moment between the northbound and south-bound tracks. Bogart was in the act of removing it to the station, when defendant's engineer, backing on the south-bound track, collided with him.

The primary question, and the only one I consider, is whether the decedent was at the time employed by the defendant in interstate commerce. There was no relation between the express company and the defendant, except that the latter carried the former's freight, and allowed it to occupy its premises for its receipt and dispatch. The decedent, when he was injured, was handling the freight as the agent and custodian of the express company, and was responsible to it for fidelity in the discharge of the immediate duty, and it alone was obligated to pay him for the service, and alone was liable to respond for his dutiful performance of it.

The inquiry comes at once to this point: Was the injured servant doing an act in furtherance of interstate commerce in the course of employment by the defendant? The decedent was employed by the defendant to do all that falls to the duty of a station agent. He was employed by the express company to do all that falls within the usual employment of an express agent, but to such duties the defendant's responsibility did not extend. Hence Bogart, as the agent of the express company, was doing what it was the duty of that company to do, and what it was not the duty of the defendant to do. Therefore he was not employed by defendant in interstate commerce.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.